```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


DAOUDA DRAME,

                              Petitioner,

           v.                              CASE NO. 16-3257-JWL

ALBERTO GONZALES, MICHAEL CHERTOFF,
RICARDO WONG, and (FNU)(LNU), Warden,

                              Defendant.
```

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. §2241. Petitioner is in custody under an order of removal entered on April 14, 2016, in the immigration court in Kansas City, Missouri. He seeks immediate release from detention, preliminary and permanent injunctive relief from detention, and costs and fees.

### Background

Petitioner is a native of Senegal who entered the United States on or about January 29, 2009, as a lawful permanent resident. (Doc. #9, Ex. 1, Rita Lasker declaration.)

Petitioner was convicted of criminal offenses in three cases filed in the District Court of Douglas County, Kansas:

(1) On January 22, 2016, he was convicted of aggravated battery in Case No. 2015CR566. He was sentenced to a term of 24 months.

(2) On June 5, 2015, he was convicted of possession of marijuana in Case No. 2015CR25. He was sentenced to a term of 12 months.

(3) On June 5, 2015, he was convicted of criminal threat in Case No. 2014CR505. He was sentenced to a term of 6 months.

The sentence imposed in 2015CR25 is consecutive to the sentence

in 2014CR505, and the sentence imposed in 2015CR566 is consecutive to those sentences. Petitioner's sentence was suspended and he was sentenced to probation. *Id.*, Exs. A-C.

On March 29, 2016, Immigration and Customs Enforcement ("ICE") issued a notice to appear, charging petitioner with removability under INA § 237(a)(2)(A)(iii) due to his conviction of an aggravated felony, a crime of violence with a term of imprisonment of at least one year ordered. Petitioner received a copy of that notice on March 29, 2016. *Id.*, Ex. D.

On April 1, 2016, a Notice of Hearing in Removal Proceedings was issued, with a hearing set for April 14, 2016. Petitioner received personal notice of the hearing. *Id.*, Ex. E.

On April 14, 2016, petitioner was ordered removed. He waived appeal. A decision was sent to him on the same date. Petitioner was allowed to contact his family by telephone to bring his passport and/or birth certificate to the Kansas ICE Enforcement and Removal Office, but he reported they were unable to locate the documents.

On April 18, 2016, a Warrant of Removal/Deportation was issued for petitioner. On the same date, the Deportation Officer, Rita Lasker sent a travel document request to the Embassy of the Republic of Senegal. *Id.*, Lasker declaration.

On May 10, 2016, Lasker contacted the embassy to check the status of the request but was not successful. On May 13, 2016, she served petitioner a Notice to Alien of File Custody Review and Warning for Failure to Depart with Instruction Sheet. She explained the forms, and petitioner signed them. *Id*.

On June 10, 2016, and on July 7, 2016, Lasker again contacted the embassy but could not reach anyone. On July 7, she e-mailed ICE

ERO headquarters to verify contact information. On July 8, she sent a request to the Senegalese Consul General in New York City concerning the status of the request for travel documents. *Id*.

On July 19, 2016, the ERO Assistant Field Office Director approved the Post Order Custody Review Worksheet concerning petitioner and concurred with the recommendation to continue his detention. On July 21, 2016, petitioner received the Decision to Continue Detention. *Id*., Ex. J.

On September 22, 2016, Lasker emailed ICE Headquarters for assistance in obtaining travel documents for petitioner. On September 23, 2016, she was advised that that office was working with the Department of State. *Id*.

On October 3, 2016, a Transfer Checklist was sent to the Headquarters Post Order Custody Review Unit concerning petitioner's custody case. *Id*.

On October 6, 2016, that office recommended that petitioner's custody continue. This was based the finding that petitioner was significantly likely to be removed in the foreseeable future, as the travel document request was given to the Consul and because petitioner had expressed interest in returning and had contacted the consulate.

On October 13, 2016, petitioner was personally served the Decision to Continue Detention. *Id*., Ex. K.

On or about November 15, 2016, Lasker received a letter from petitioner seeking release on supervision. In reply, she provided him with a copy of the Decision to Continue Detention and the execution of service. *Id*., Lasker declaration.

On December 14, 2016, Lasker received a forwarded e-mail showing that petitioner had contacted the American Bar Association, which had

e-mailed the Ambassador of Senegal on his behalf. *Id.*

On January 9, 2017, an updated Transfer Checklist was sent to ICE Headquarters Post Order Custody Review Unit to conduct petitioner's 270-day custody review.

On January 11, 2017, a Decision to Continue Detention was entered. Petitioner received the decision on January 19, 2017. *Id.*, Ex. L.

Since that time, the Embassy of the Republic of Senegal has issued travel documents to other aliens. On March 3, 2017, the Kansas City, Missouri, Enforcement and Removal Office received a travel document issued for petitioner by the Senegal Embassy. Travel arrangements are tentatively set for petitioner to return to Senegal on March 20, 2017, on a commercial flight. (Doc. #11, Attach., Lasker declaration.)

**Discussion**

The general habeas corpus statute, 28 U.S.C. § 2241, authorizes the federal courts to grant habeas corpus relief to a person held "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). The U.S. Supreme Court has recognized that "Section 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687-88, 699 (2001). *See Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004)("Challenges to immigration detention are properly brought directly through habeas.")

Petitioner commenced this action while detained in Kansas, and the Court retains subject matter jurisdiction despite his transfer to a Missouri detention facility during the pendency of this action.

*Santillanes v. United States Parole Commission*, 754 F.2d 887, 888 (10th Cir. 1985)("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.")(Citations omitted.)

The detention of an alien subject to a final order of removal is governed by 8 U.S.C. § 1231. That statute provides a mandatory period of 90-days for detention following a final order of removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2). If the alien is not removed during that time, certain aliens, including those who are inadmissible and those with certain criminal offenses, may be subject to continued detention, 8 U.S.C. § 1231(a)(6), or may be released under continued supervision, 8 U.S.C. § 1231(a)(3).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the U.S. Supreme Court reviewed the detention of two non-citizens under the statute governing detention after their removal was ordered. The *Zadvydas* Court, recognizing the "obvious" problem which would arise from a statute that "permit[ted] an indefinite, perhaps permanent, deprivation of human liberty without … protection," held that a reading of §1231(a)(6) that allowed indefinite detention would render that provision unconstitutional. *Zadvydas*, 533 U.S. at 690. The Court therefore "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id*. at 682. The Court held that an alien may be detained under § 1231(a)(6) only for "a period reasonably necessary to bring about that alien's removal from the United States." *Id*. at 689. The Court further determined that six months is a "presumptively reasonable period of detention" to secure the removal of an alien. *Id*. at 700-01.

After that time elapses, an alien seeking release must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"; at that point, the Government then "must respond with evidence to rebut that showing." *Id*. at 701.

While the 6-month period identified in *Zadvydas* is presumptive, the Supreme Court cautioned that this determination "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Here, petitioner has met the initial burden under *Zadvydas* by showing, at the time he filed this action in December 2016, that he had been held for more than six months following the order of removal without any apparent likelihood of removal in the foreseeable future. The burden therefore shifted to respondents to rebut that showing. Respondents have met that burden by showing that the Senegal Embassy now has issued the necessary travel document and that a tentative travel plan is in place to remove petitioner within this month.

Because petitioner's removal appears imminent, the Court finds that he is not entitled to habeas corpus relief and concludes this matter should be dismissed. However, should petitioner's removal not occur within the timeframe described by the respondents, petitioner should notify the Court immediately.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #2) is denied as moot.

IT IS FURTHER ORDERED petitioner's motion for order to place the burden on the government (Doc. #10) is granted, as set forth herein.

**IT IS SO ORDERED.**

DATED:  This 14th day of March, 2017, at Kansas City, Kansas.


```
                             s/ John W. Lungstrum
                             JOHN W. LUNGSTRUM
                             U.S. District Judge
```